## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

In re: Debtor(s) names(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

| | | |
|---|---|---|
| WILLIAM PATRICK MORRISON | : | CASE NO. 1-14-00621-RNO |
| Debtor | : | CHAPTER 13 |

### CERTIFICATE OF SERVICE

If service was made by personal service, by residence service or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

I served a copy of ___ Order setting Response Deadline and Hearing Date, Motion to Sell Real Estate with all attachments ___ on the following parties in this matter:

| Name and Address | Mode of Service |
|---|---|
| Wells Fargo Bank, N.A.<br>Attn. Bankruptcy Department<br>MAC# D3347–014<br>3476 Stateview Blvd<br>Fort Mill, SC 29715 | 1st Class Mail, Postage Prepaid<br>**OFFICER, MANAGING OR GENERAL AGENT, OR ANY OTHER AGENT AUTHORIZED BY APPOINTMENT, OR BY LAW, TO RECEIVE SERVICE OF PROCESS** |
| Phelan Hallinan Diamond & Jones LLP<br>1617 JFK Blvd, Suite 1400<br>One Penn Center Plaza<br>Philadelphia, PA 19103 | 1st Class Mail, Postage Prepaid<br>**OFFICER, MANAGING OR GENERAL AGENT, OR ANY OTHER AGENT AUTHORIZED BY APPOINTMENT, OR BY LAW, TO RECEIVE SERVICE OF PROCESS** |
| Wells Fargo Bank, N.A. (WFF Cards)<br>Attn. Jeff Anderson, VP of Loan Documentation<br>PO Box 10438<br>Des Moines, IA 50306-0438 | 1st Class Mail, Postage Prepaid<br>**OFFICER, MANAGING OR GENERAL AGENT, OR ANY OTHER AGENT AUTHORIZED BY APPOINTMENT, OR BY LAW, TO RECEIVE SERVICE OF PROCESS** |
| Carroll County Tax Claim Bureau<br>Collections Office<br>225 N. Center Street<br>Westminster, MD 21157-5191 | 1st Class Mail, Postage Prepaid<br>**OFFICER, MANAGING OR GENERAL AGENT, OR ANY OTHER AGENT AUTHORIZED BY APPOINTMENT, OR BY LAW, TO RECEIVE SERVICE OF PROCESS** |
| Charles J. DeHart, III, Esquire<br>Chapter 13 Trustee | Via E-Service |

I certify under penalty of perjury that the foregoing is true and correct.

Date: ___ 4/25/2017 ___        Name: ___ Gary J. Imblum, Esquire ___
                                                    Printed Name of Attorney

                                Address: ___ 4615 Derry Street ___
                                              ___ Harrisburg, PA 17111 ___

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

William Patrick Morrison
**Debtor(s)**

Chapter: 13

Case number: 1:14−bk−00621−RNO

Document Number: 73

William Patrick Morrison
**Movant(s)**

Matter: Motion for Sale Free and Clear of Liens

vs.

Charles J. DeHart, III, Esquire
Wells Fargo Home Mortgage
WFF Cards
Carroll Co. Tax Claim Bureau
**Respondent(s)**

### Order

Unless earlier served through CM/ECF, **IT IS ORDERED** that service of this Order and the above−referenced Motion shall be made by the moving party on all respondent(s) named in the Motion claiming an interest in the property, counsel, and in a Chapter 11 case service shall also be made upon the Trustee, if any, U.S. Trustee and the individuals identified in F.R.B.P. 4001(a)(1) and L.B.R 4001−6. Service shall be made within seven (7) days from the date hereof and certification of service filed with this Court within fourteen (14) days from the date hereof.

**IT IS FURTHER ORDERED** that answers to the Motion must be served on the moving party and a copy filed with this Court, within fourteen (14) days from the service date of this Order. If no Response is filed, relief may be granted. A hearing will be held if a responsive pleading is timely filed, requested by the moving party, or ordered by the Court. If a default order has not been signed and entered, the parties or their counsel are required to appear in Court at the hearing on the below date and time.

| | |
|---|---|
| United States Bankruptcy Court Ronald Reagan Federal Building, Bankruptcy Courtroom (3rd Floor), Third & Walnut Streets, Harrisburg, PA 17101 | Date: June 8, 2017 <br> Time: 10:00 AM |

Dated:  April 25, 2017

By the Court,

Honorable Robert N. Opel
United States Bankruptcy Judge
By: REshelman, Deputy Clerk

Initial requests for a continuance of hearing ( *L.B.F. 9013−4, Request to Continue Hearing/Trial with Concurrence*) shall be filed with the Court. Requests received by the Court within twenty−four (24) hours of the hearing will not be considered except in emergency situations. Additional requests for continuance must be filed as a Motion.

Requests to participate in a hearing telephonically shall be made in accordance with L.B.R. 9074−1(a).

Electronic equipment, including cell phones, pagers, laptops, etc., will be inspected upon entering the Courthouse. These devices may be used in common areas and

should be turned to silent operation upon entering the Courtroom and Chambers.

Photo identification is required upon entering the Courthouse.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| **WILLIAM PATRICK MORRISON** | : **CASE NO. 1-14-00621-RNO** |
| Debtor | : **CHAPTER 13** |
| | : |
| **WILLIAM PATRICK MORRISON** | : |
| Movants | : |
| | : |
| v. | : |
| | : |
| **CHARLES J. DEHART, III, ESQUIRE** | : |
| **WELLS FARGO HOME MORTGAGE** | : |
| **WFF CARDS** | : |
| **CARROLL CO. TAX CLAIM BUREAU** | : |
| Respondents | : |

## MOTION TO SELL REAL ESTATE
## FREE AND CLEAR OF LIENS

**AND NOW,** comes Debtor, William Patrick Morrison, by and through his attorney, Gary J.

Imblum, and pursuant to 11 U.S.C. § 363 and respectfully represents:

    1.     Debtor filed a voluntary Petition under Chapter 13 of the Bankruptcy Code on

February 18, 2014.

    2.     Debtor and his wife are the owners of real estate situate and known as 1309 Pinch

Valley Road, Westminster, Carroll County, Maryland.

    3.     The real estate is presently listed with Century 21 the Real Estate Centre as realtor.

Realtor commission is in the amount of 5%. The employment of said realtor was approved by Order

of Court dated October 18, 2016.

    4.     Debtor has entered into an Agreement of Sale to sell said property for a total price of

$313,000.00 to Sean Aaron Mitchell and Virginia Hathhorn, non-relatives and non-insiders. A copy

of the Agreement of Sale is attached hereto as Exhibit "A" and is incorporated herein by reference.

5.    To the best of Debtor's knowledge, all the parties who have a lien on said property include, but are not limited to the following:

    a.    Carroll County Tax Claim Bureau - real estate taxes, if any;

    b.    Wells Fargo Home Mortgage - first mortgage;

    c.    WFF Cards - home equity loan;

**WHEREFORE**, Debtor respectfully requests that this Honorable Court issue an Order approving the sale of aforesaid real estate, free and clear of liens and the distribution of the proceeds as set forth below shall be permitted and that Federal Bankruptcy Rule 6004(g) is not applicable, and the real property may be sold and purchased immediately upon entry of Order of Court approving same:

1.    Payment of all closing costs for which Debtor is liable.

2.    Payment of attorney's fees in the amount of $3,500.00, to be applied to Debtor's costs and Attorney fees billed on an hourly basis.

3.    Payment of any and all other miscellaneous fees involved with the refinance.

4.    Payment of any liens and mortgages.

5.    As long as same is a valid lien on subject real estate, payment in full of Carroll County Tax Claim Bureau real estate taxes, if any, or else the sale will not occur.

6.    As long as same is a valid lien on subject real estate, payment in full of Wells Fargo Home Mortgage mortgage, or else the sale will not occur.

7.    As long as same is a valid lien on subject real estate, payment in full of WFF Cards home equity loan, or else the sale will not occur.

8.    If there are net proceeds remaining after paying all the costs, fees and liens set forth in the preceding paragraphs, then payment to Trustee DeHart in an amount up to the amount

necessary to fully fund the Plan, less any amount otherwise payable to a secured creditor pursuant to Debtor's Plan, which is, in fact, paid at settlement.

9.     If there are net proceeds remaining after paying all of the costs, fees and liens set forth in the preceding paragraphs, then payment of any and all attorney fees owed to Debtor's counsel for representation in the above matter and which have been previously approved by the Court.

10.     If there are net proceeds remaining after paying all the costs, fees and liens set forth in the preceding paragraphs, then the remaining balance, if any, shall be distributed to the Debtor.

Respectfully submitted,

Gary J. Imblum
Attorney Id. No. 42606
4615 Derry Street
Harrisburg, PA 17111
(717) 238-5250
Fax No. (717) 558-8990
gary.imblum@ imblumlaw.com
Attorney for Debtor

Dated: 4/25/17

Loading...

DocuSign Envelope ID: F3C4428F-CDEF-4BF6-809C-2C06EEF027A3



**MAR**
MARYLAND
ASSOCIATION OF
REALTORS®

## RESIDENTIAL CONTRACT OF SALE

### *This is a Legally Binding Contract; If Not Understood, Seek Competent Legal Advice.*

THIS FORM IS DESIGNED AND INTENDED FOR THE SALE AND PURCHASE OF IMPROVED SINGLE FAMILY RESIDENTIAL REAL ESTATE LOCATED IN MARYLAND ONLY.

**TIME IS OF THE ESSENCE.** Time is of the essence of this Contract. The failure of Seller or Buyer to perform any act as provided in this Contract by a prescribed date or within a prescribed time period shall be a default under this Contract and the non-defaulting party, upon written notice to the defaulting party, may declare this Contract null and void and of no further legal force and effect. In such event, all Deposit(s) shall be disbursed in accordance with Paragraph 20 of this Contract.

1. DATE OF OFFER: _____ April 6, 2017 _____.

2. SELLER: _____ William Morrison, Judith Morrison _____

3. BUYER: _____ Sean Aaron Mitchell, Virginia Hathhorn _____

4. PROPERTY: Seller does sell to Buyer and Buyer does purchase from Seller, all of the following described Property (hereinafter "Property") known as _____ 1309 Pinch Valley Road _____ located in ____Westminster____ ____Carroll____ City/County, Maryland, Zip Code ___21158___, together with the improvements thereon, and all rights and appurtenances thereto belonging.

5. ESTATE: The Property is being conveyed: ___x___ in fee simple or _____ subject to an annual ground rent, now existing, in the amount of _____ _____ Dollars ($ _____) payable semi-annually, as now or to be recorded among the Land Records of _____ City/County, Maryland.

6. PURCHASE PRICE: The purchase price is Three Hundred Thirteen Thousand _____ Dollars ($ 313,000.00 ).

7. PAYMENT TERMS: The payment of the purchase price shall be made by Buyer as follows:
(a) An initial Deposit by way of ___check___ in the amount of One Thousand _____ Dollars ($ 1,000.00 ) at the time of this offer.
(b) An additional Deposit by way of _____ in the amount of _____ _____ Dollars ($ _____) to be paid _____
(c) All Deposits will be held in escrow by: _____ Joan Ryder Associates _____
(If not a Maryland licensed real estate broker, the parties may execute a separate escrow deposit agreement.)
(d) The purchase price less any and all Deposits shall be paid in full by Buyer in cash, wired funds, bank check, certified check or other payment acceptable to the settlement officer at settlement.
(e) Buyer and Seller instruct broker named in paragraph (c) above to place the Deposits in: (Check One)
☒ A non-interest bearing account;
OR ☐ An interest bearing account, the interest on which, in absence of default by Buyer, shall accrue to the benefit of Buyer. Broker may charge a fee for establishing an interest bearing account.

8. SETTLEMENT: Date of Settlement _____ May 31, 2017 _____ or sooner if agreed to in writing by the parties.

9. FINANCING: Buyer's obligation to purchase the Property is contingent upon Buyer obtaining ...

# Loading...

☐ Conventional Financing Addendum ☐ USDA Financing Addendum      ☐ Owner Financing Addendum
☒ FHA Financing Addendum         ☐ Assumption Addendum           ☐ No Financing Contingency
☐ VA Financing Addendum          ☐ Gift of Funds Contingency Addendum ☐ OTHER: _____

**10. FINANCING APPLICATION AND COMMITMENT:** Buyer agrees to make a written application for the financing as herein described within _____ Seven _____ ( __7__ ) days from the Date of Contract Acceptance.

Buyer _____          Page 1 of 11  10/16          Seller WM, JM

Jean Ryder & Associates Real Estate, 1 Vale Road, Suite 5/6 Bel Air  MD 21014
Anne Shepard
Produced with zipForm® by zipLogix  18070 Fifteen Mile Road, Fraser, Michigan 48026    www.zipLogix.com
Phone: 410.893.1202    Fax: 410.893.6708

Loading...

DocuSign Envelope ID: F3C442BF-CDEF-4BF6-809C-2C06EEF027A3

If a written financing commitment is not obtained by Buyer within _____ **Forty-Five**
( _____45_____ ) days from the Date of Contract Acceptance: (1) Seller, at Seller's election and upon written notice to Buyer,
may declare this Contract null and void and of no further legal effect; or (2) Buyer, upon written notice to Seller, which shall
include written evidence from the lender of Buyer's inability to obtain financing as provided in Paragraph 9 of this Contract,
may declare this Contract null and void and of no further legal effect. In either case, the deposit shall be disbursed in
accordance with the Deposit paragraph of this Contract. If Buyer has complied with all of Buyer's obligations under this
Contract, including those with respect to applying for financing and seeking to obtain financing, then the Release of Deposit
agreement shall provide that the deposit must be returned to Buyer.

**11. ALTERNATE FINANCING:** Provided Buyer timely and diligently pursues the financing described in Paragraph 9
"Financing"; Paragraph 10 **"Financing Application and Commitment"**; and the provisions of Paragraph 28 **"Buyer
Responsibility"**, Buyer, at Buyer's election, may also apply for alternate financing. If Buyer, at Buyer's sole option, obtains a
written commitment for financing in which the loan amount, term of note, amortization period, interest rate, down payment or
loan program differ from the financing as described in Paragraph 9, or any addendum to this Contract, the provision of
Paragraph 10 or any addendum to this Contract shall be deemed to have been fully satisfied. Such alternate financing may
not increase costs to Seller or exceed the time allowed to secure the financing commitment as provided in Paragraph 10, or
any addendum to this Contract.

**12. HOME AND/OR ENVIRONMENTAL INSPECTION:** Buyer acknowledges, subject to Seller acceptance, that Buyer is
afforded the opportunity, at Buyer's sole cost and expense, to condition Buyer's purchase of the Property upon a Home
Inspection and/or Environmental Inspection in order to ascertain the physical condition of the Property or the existence of
environmental hazards. If Buyer desires a Home Inspection and/or Environmental Inspection contingency, such contingency
must be included in an addendum to this Contract. Buyer and Seller acknowledge that Brokers, agents or subagents are not
responsible for the existence or discovery of property defects.

Inspection(s) Addenda Attached _____            Inspection(s) Declined _____
                                 Buyer         Buyer                                              Buyer         Buyer

**13. INCLUSIONS/EXCLUSIONS:** Included in the purchase price are all permanently attached fixtures, including all smoke
detectors. Certain other **now existing items** which may be considered personal property, whether installed or stored upon
the property, are included if box below is checked.

| INCLUDED | INCLUDED | INCLUDED | INCLUDED |
|---|---|---|---|
| ☐ Alarm System | ☐ Exhaust Fan(s) # _____ | ☐ Pool, Equipment & Cover | ☐ Trash Compactor |
| ☒ Built-in Microwave | ☒ Exist. W/W Carpet | ☐ Refrigerator(s) # _____ | ☐ Wall Oven(s) # _____ |
| ☐ Ceiling Fan(s) # _____ | ☐ Fireplace Screen Doors | ☐ w/ice maker | ☐ Water Filter |
| ☐ Central Vacuum | ☐ Freezer | ☐ Satellite Dish | ☐ Water Softener |
| ☐ Clothes Dryer | ☐ Furnace Humidifier | ☐ Screens | ☐ Window A/C Unit(s) |
| ☐ Clothes Washer | ☐ Garage Opener(s) # _____ | ☐ Shades/Blinds | # _____ |
| ☐ Cooktop | w/remote(s) # _____ | ☐ Storage Shed(s) # _____ | ☐ Window Fan(s) # _____ |
| ☐ Dishwasher | ☐ Garbage Disposer | ☐ Storm Doors | ☐ Wood Stove |
| ☐ Drapery/Curtain Rods | ☐ Hot Tub, Equipment & Cover | ☐ Storm Windows | |
| ☐ Draperies/Curtains | ☐ Intercom | ☐ Stove or Range | |
| ☐ Electronic Air Filter | ☐ Playground Equipment | ☐ T.V. Antenna | |

ADDITIONAL INCLUSIONS (SPECIFY): _____

ADDITIONAL EXCLUSIONS (SPECIFY): _____

**14. AGRICULTURALLY ASSESSED PROPERTY:** The Property, or any portion thereof, may be subject to an Agricultural
Land Transfer Tax as imposed by Section 13-301 et seq. of the Tax-Property Article, Annotated Code of Maryland, by reason
of the Property having been assessed on the basis of agricultural use. Agricultural taxes assessed as a result of this
transfer shall be paid by _____

**15. FOREST CONSERVATION AND MANAGEMENT PROGRAM:** Buyer is hereby notified that this transfer may be subject
to the Forest Conservation and Management Program imposed by Section 8-211 of the Tax-Property Article, Annotated
Code of Maryland. Forest Conservation and Management program taxes assessed as a result of this transfer shall be paid
by _____

**Loading** LEAD-BASED PAINT:

A. **FEDERAL LEAD-BASED PAINT LAW:** Title X, Section 1018, the Residential Lead-Based Paint Hazard Reduction Act of 1992 (the "Act"), requires the disclosure by Seller of information regarding lead-based paint and lead-based paint hazards in connection with the sale of any residential real property on which a residential dwelling was constructed prior to 1978. Unless otherwise exempt by the Act, the disclosure shall be made on the required federal Disclosure of Information on Lead-Based Paint and/or Lead-Based Paint Hazards form. Seller and any agent involved in the transaction are required to retain a copy of the completed Lead-Based Paint Disclosure form for a period of three (3) years following the date of settlement. A Seller who fails to give the required Lead-Based Paint Disclosure form and EPA pamphlet may be liable under the Act for three times the amount of damages and may be subject to both civil and criminal penalties.

Buyer _____

Seller W.M. / JM
Sean Mitchell

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

# Loading...

DocuSign Envelope ID: F3C4428F-CDEF-4BF6-809C-2C06EEF027A3

Buyer acknowledges by Buyer's initials below that Buyer has read and understands the provisions of Paragraph 16.A.
**(BUYER)**

**B. RENOVATION, REPAIR AND PAINTING OF PROPERTY:** In accordance with the Lead Renovation, Repair and Painting Rule ("RRP") as adopted by the Environmental Protection Agency ("the EPA"), effective April 22, 2010, if the improvements on the Property were built before 1978, contractor(s) engaged by Seller to renovate, repair or paint the Property must be certified by the EPA where such work will disturb more than six square feet of paint per room for interior projects; more than 20 square feet of paint for any exterior project; or includes window replacement or demolition ("Covered Work"). Before and during any Covered Work project, contractor(s) must comply with all requirements of the RRP.

A Seller who personally performs any Covered Work on a rental property is required to be certified by the EPA prior to performing such Covered Work. No certification is required for a Seller who personally performs Covered Work on the Seller's principal residence. However, Seller has the ultimate responsibility for the safety of Seller's family or children while performing such Covered Work. For detailed information regarding the RRP, Seller should visit http://www2.epa.gov/lead/renovation-repair-and-painting-program.

Buyer acknowledges by Buyer's initials below that Buyer has read and understands Paragraph 16.B.
**(BUYER)**

**C. MARYLAND LEAD POISONING PREVENTION PROGRAM:** Under the Maryland Lead Poisoning Prevention Program (the "Maryland Program"), any residential dwelling constructed prior to 1978 that is leased for residential purposes is required to be registered with the Maryland Department of the Environment (MDE). If the Property was built prior to 1978 and is now or has been a rental property or may become a rental property in the future, a separate Maryland Lead-Based Paint Disclosure form is attached. Detailed information regarding compliance requirements may be obtained at: http://www.mde.state.md.us/programs/Land/LeadPoisoningPrevention/Pages/index.aspx.

Buyer acknowledges by Buyer's initials below that Buyer has read and understands Paragraph 16.C.
**(BUYER)**

**17. NOTICE REGARDING DISCLOSURE OF DEFERRED WATER AND SEWER ASSESSMENTS:** Pursuant to Section 14-117(a)(5) of the Real Property Article of the Annotated Code of Maryland, a contract for the resale of residential real property that is served by public water or wastewater facilities for which deferred water and sewer charges have been established by a recorded covenant or declaration shall contain a notice disclosing information about the deferred water and sewer charges. If a Seller subject to this law fails to comply:
(a) Prior to settlement, Buyer is entitled to rescind in writing the sales contract without penalty or liability. On rescission, Buyer is also entitled to the full return of any deposits made on account of the sales contract. If any deposits are held in trust by a licensed real estate broker, the return of the deposits to a Buyer under this law shall comply with the procedures under § 17-505 of the Business Occupations and Professions Article of the Annotated Code of Maryland. Buyer's right of rescission shall terminate five days after Seller provides to Buyer written notice in accordance with this requirement; and
(b) After settlement, Seller shall be liable to Buyer for the full amount of any fee or assessment not disclosed, unless Seller was never charged a fee or assessment to defray the costs of public water or wastewater facilities by the developer, a successor of the developer, or a subsequent assignee.
This law does *not* apply in a county that has adopted a disclosure requirement that is substantially similar to this law. (If the Property is served by public water or wastewater facilities for which deferred water and sewer charges have been established by a recorded covenant or declaration: See Notice Regarding Deferred Water and Sewer Charges.)

Buyer acknowledges by Buyer's initials below that Buyer has read and understands Paragraph 17.
**(BUYER)**

**18. ADDENDA/DISCLOSURES:** The Addenda checked below, which are hereby attached, are made a part of this Contract:
☐ Affiliated Business Disclosure Notice   ☐ MD Non-Resident Seller Transfer Withholding Tax
☐ As Is   ☐ Notice to Buyer and Seller - Maryland Residential

**Loading**

☐ Condominium Resale Notice
☐ Conservation Easement
☐ Disclosure of Licensee Status
☐ Disclosure of Leased Items Addendum
☐ Federal Lead-Based Paint and Lead-Based Hazards Disclosure of Information
☐ First-Time Maryland Home Buyer Transfer & Recordation Tax

☐ Notice & Disclosure of Deferred Water & Sewer Charges
☒ On-Site Sewage Disposal System Inspection
☒ Property Inspections
☐ Property Subject to Ground Rent
☐ Purchase Price Escalation
☐ Sale, Financing, Settlement or Lease of Other Real Estate
☒ Seller Contribution
☐ Seller's Purchase of Another Property

Buyer _____        Page 3 of 11  10/16        Seller WM , JM

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com                Sean Mitchell

Case 1:14-bk-00621-RNO   Doc 76   Filed 04/25/17   Entered 04/25/17 13:35:07   Desc
Main Document    Page 12 of 35

# Loading...

DocuSign Envelope ID: F3C4428F-CDEF-4BF6-809C-2C06EEF027A3

- ☐ Homeowners Association Notice
- ☐ Kickout
- ☐ Local City/County Certifications/Registrations
- ☒ Local City/County Notices/Disclosure
- ☐ Maryland Lead Poisoning Prevention Program Disclosure

- ☐ Short Sale
- ☐ Third Party Approval
- ☒ Water Quality

☐ Other Addenda/Special Conditions:

_____

_____

**19. WOOD DESTROYING INSECT INSPECTION:** Buyer, at Buyer's expense, (if VA, then at Seller's expense) is authorized to obtain a written report on the state regulated form from a Maryland licensed pest control company that, based on a careful visual inspection, there is no evidence of termite or other wood-destroying insect infestation in the residence or within three (3) feet of the residence; and damage due to previous infestation has been repaired. The provisions of this paragraph also shall apply to: (1) the garage or within three (3) feet of the garage (whether attached or detached); (2) any outbuildings located within three feet of the residence or garage; and (3) a maximum of ten (10) linear feet of the nearest portion of a fence on Seller's Property within three feet of the residence or garage. If there is evidence of present infestation as described above, or if damage caused by present or prior infestation is discovered, Seller, at Seller's expense, shall repair any damage caused by present or prior infestation and have the present infestation treated by a licensed pest control company. If the cost of treatment and repair of such damage exceeds 2% of the purchase price, Seller may, at Seller's option, cancel this Contract, unless Buyer, at Buyer's option should choose to pay for the cost of treatment and repairs exceeding 2% of the purchase price, then this Contract shall remain in full force and effect. If such report reveals damage for which the cost of treatment and repair exceeds 2% of the purchase price, Seller's decision regarding treatment and repair of damage shall be communicated in writing to Buyer within five (5) days from receipt of the report, after which Buyer shall respond to Seller in writing with Buyer's decision within three (3) days from receipt of Seller's notification of Seller's decision. If Seller does not notify Buyer in writing of Seller's decision within five (5) days from receipt of report, Buyer may, at Buyer's option, pay for the cost of treatment and repairs exceeding 2% of the purchase price. If Buyer does not want to pay for the cost of treatment and repairs exceeding 2% of the purchase price, Buyer may terminate this Contract upon written notice delivered to Seller. In the event this Contract is terminated under the terms of this paragraph, the Deposit(s) shall be disbursed in accordance with the Deposit paragraph of this Contract.

**20. DEPOSIT:** If the Deposit is held by a Broker as specified in Paragraph 7(c) of this Contract, Buyer hereby authorizes and directs Broker to hold the Deposit instrument without negotiation or deposit until the parties have executed and accepted this Contract. Upon acceptance, the initial Deposit and additional Deposits (the "Deposit"), if any, shall be placed in escrow as provided in Paragraph 7(e) of this Contract and in accordance with the requirements of Section 17-502(b)(1) of the Business Occupations and Professions Article, Annotated Code of Maryland. If Seller does not execute and accept this Contract, the initial Deposit instrument shall be promptly returned to Buyer. The Deposit shall be disbursed at settlement. In the event this Contract shall be terminated or settlement does not occur, Buyer and Seller agree that the Deposit shall be disbursed by Broker only in accordance with a Release of Deposit agreement executed by Buyer and Seller. In the event Buyer and/or Seller fail to complete the real estate transaction in accordance with the terms and conditions of this Contract, and either Buyer or Seller shall be unable or unwilling to execute a Release of Deposit agreement, Buyer and Seller hereby acknowledge and agree that Broker may distribute the Deposit in accordance with the provisions of Section 17-505(b) of the Business Occupations and Professions Article, Annotated Code of Maryland.

**21. DEED AND TITLE:** Upon payment of the purchase price, a deed for the Property containing covenants of special warranty and further assurances (except in the case of transfer by personal representative of an estate), shall be executed by Seller and shall convey the Property to Buyer. Title to the Property, including all chattels included in the purchase, shall be good and merchantable, free of liens and encumbrances except as specified herein; except for use and occupancy restrictions of public record which are generally applicable to properties in the immediate neighborhood or the subdivision in which the Property is located and publicly recorded easements for public utilities and any other easements which may be observed by an inspection of the Property. Buyer expressly assumes the risk that restrictive covenants, zoning laws or other recorded documents may restrict or prohibit the use of the Property for the purpose(s) intended by Buyer. In the event Seller is unable to give good and merchantable title or such as can be insured by a Maryland licensed title insurer, with Buyer paying not more than the standard rate as filed with the Maryland Insurance Commissioner. Seller, at Seller's expense, shall

**Loading...** said defect being cured, paying any special premium on behalf of Buyer to obtain title insurance on the Property to the benefit of Buyer. In the event Seller elects to cure any defects in title, this Contract shall continue to remain in full force and effect; and the date of settlement shall be extended for a period not to exceed fourteen (14) additional days. If Seller is unable to cure such title defect(s) and is unable to obtain a policy of title insurance on the Property to the benefit of Buyer from a Maryland licensed title insurer, Buyer shall have the option of taking such title as Seller can give, or terminating this Contract and being reimbursed by Seller for cost of searching title as may have been incurred not to exceed 1/2 of 1% of the purchase price. In the latter event, there shall be no further liability or obligation on either of the parties hereto; and this Contract shall become null and void; and all Deposit(s) shall be disbursed in accordance with the Deposit paragraph of this Contract. In no event shall Broker(s) or their agent(s) have any liability for any defect in Seller's title.

Buyer _____          Page 4 of 11   10/16          Seller WM  _____
                                                                        Sean Mitchell

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

# Loading...

DocuSign Envelope ID: F3C4428F-CDEF-4BF6-809C-2C06EEF027A3

**22. CONDITION OF PROPERTY AND POSSESSION:** At settlement, Seller shall deliver possession of the Property and shall deliver the Property vacant, clear of trash and debris, broom clean and in substantially the same condition as existed on the Date of Contract Acceptance. Buyer reserves the right to inspect the Property within five (5) days prior to settlement. **EXCEPT AS OTHERWISE SPECIFIED IN THIS CONTRACT, INCLUDING THIS PARAGRAPH, THE PROPERTY IS SOLD "AS IS."** The obligations of Seller as provided in this paragraph shall be in addition to any Disclosure and Disclaimer Statement as required by Section 10-702, Real Property Article, Annotated Code of Maryland and any provision of any inspection contingency addendum made a part of this Contract (See Property Inspections Notice).

**23. ADJUSTMENTS:** Ground rent, homeowner's association fees, rent and water rent shall be adjusted and apportioned as of date of settlement; and all taxes, general or special, and all other public or governmental charges or assessments against the Property which are or may be payable on a periodic basis, including Metropolitan District Sanitary Commission, Washington Suburban Sanitary Commission, or other benefit charges, assessments, liens or encumbrances for sewer, water, drainage, paving, or other public improvements completed or commenced on or prior to the date hereof, or subsequent thereto, are to be adjusted and apportioned as of the date of settlement and are to be assumed and paid thereafter by Buyer, whether assessments have been levied or not as of date of settlement if applicable by local law. Any heating or cooking fuels remaining in supply tank(s) at time of settlement shall become the property of Buyer.

**24. SETTLEMENT COSTS:** Buyer agrees to pay all settlement costs and charges including, but not limited to, all Lender's fees in connection herewith, including title examination and title insurance fees, loan insurance premiums, all document preparation and recording fees, notary fees, survey fees where required, and all recording charges, except those incident to clearing existing encumbrances or title defects, except if Buyer is a Veteran obtaining VA financing, those prohibited to be paid by a Veteran obtaining VA financing, which prohibited charges shall be paid by Seller.

**25. TRANSFER CHARGES:**
　　**A. IN GENERAL.** Section 14-104(b) of the Real Property Article, Annotated Code of Maryland provides that, unless otherwise negotiated in the contract or provided by State or local law, the cost of any recordation tax or any State or local Transfer Tax shall be shared equally between the Buyer and Seller.
　　**B. FIRST-TIME BUYER.** Under Section 14-104(c) of the Real Property Article, the entire amount of recordation and local transfer tax shall be paid by the Seller of property that is sold to a first-time Maryland homebuyer, unless there is an express agreement that the recordation tax or any state or local transfer tax will not be paid entirely by the Seller.
*RECORDATION AND LOCAL TRANSFER TAX.* If the Buyer is a first-time Maryland homebuyer, Buyer and Seller <u>expressly</u> <u>agree</u>, in accordance with Section 14-104(c) of the Real Property Article, Annotated Code of Maryland, that payment of recordation tax and local transfer tax shall be shared equally between the Buyer and Seller unless a "First-time Maryland Homebuyer Transfer and Recordation Tax Addendum" is attached, which contains a different express agreement.
*STATE TRANSFER TAX:* Under Section 13-203(b) of the Tax-Property Article, Annotated Code of Maryland, the amount of state transfer tax due on the sale of property to a first-time Maryland homebuyer is reduced from 0.50% to 0.25% and shall be paid entirely by the Seller. Buyer is hereby notified that to ensure receipt of the above reduction, Buyer should so indicate on Page 10 of this Contract and complete the required affidavit at settlement indicating that the Buyer is a first-time Maryland homebuyer.

**26. BROKER LIABILITY:** Brokers, their agents, subagents and employees do not assume any responsibility for the condition of the Property or for the performance of this Contract by any or all parties hereto. By signing this Contract, Buyer and Seller acknowledge that they have not relied on any representations made by Brokers, or any agents, subagents or employees of Brokers, except those representations expressly set forth in this Contract.

**27. BROKER'S FEE:** All parties irrevocably instruct the settlement officer to collect the fee or compensation and disburse same according to the terms and conditions provided in the listing agreement and/or agency representation agreement. Settlement shall not be a condition precedent to payment of compensation.

**28. SELLER RESPONSIBILITY:** Seller agrees to keep existing mortgages free of default until settlement. All violation notices or requirements noted or issued by any governmental authority (including without limitation, any permit violation notices), or actions in any court on account thereof, against or affecting the Property at the date of settlement of this Contract, shall be complied with by Seller and the Property conveyed free thereof. The Property is to be held at the risk of

Loading

...ion has been given to Buyer, whichever shall occur first, all or a substantial part of the Property is destroyed or damaged, without fault of Buyer, then this Contract, at the option of Buyer, upon written notice to Seller, shall be null and void and of no further effect, and the deposits shall be disbursed in accordance with the Deposit paragraph of this Contract.

**29. BUYER RESPONSIBILITY:** If Buyer has misrepresented Buyer's financial ability to consummate the purchase of the Property, or if this Contract is contingent upon Buyer securing a written commitment for financing and Buyer fails to apply for such financing within the time period herein specified, or fails to pursue financing diligently and in good faith, or if Buyer makes any misrepresentations in any document relating to financing, or takes (or fails to take) any action which causes

Buyer                                     Page 5 of 11  10/16                      Seller W.M / JM

Produced with zipForm® by zipLogix  18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com                     Sean Mitchell

# Loading...

DocuSign Envelope ID: F3C4428F-CDEF-46F6-809C-2C06EEF027A3

Buyer's disqualification for financing, then Buyer shall be in default; and Seller may elect by written notice to Buyer, to terminate this Contract and/or pursue the remedies set forth under the Default paragraph of this Contract.

**30. HOMEOWNER'S ASSOCIATION:** The Property is not part of a development subject to the imposition of mandatory fees as defined by the Maryland Homeowner's Association Act, unless acknowledged by attached addendum.

**31. GROUND RENT:** If the Property is subject to ground rent and the ground rent is not timely paid, the ground lease holder (i.e., the person to whom the ground rent is payable) may bring an action under Section 8-402.3 of the Real Property Article, Annotated Code of Maryland. As a result of this action, a lien may be placed upon the property. If the Property is subject to ground rent, Sections 14-116 and 14-116.1 of the Real Property Article provide the purchaser, upon obtaining ownership of the Property, with certain rights and responsibilities relative to the ground rent. (If the Property is subject to ground rent: See Property Subject to Ground Rent Addendum.)

**32. SALE/SETTLEMENT OR LEASE OF OTHER REAL ESTATE:** Neither this Contract nor the granting of Buyer's loan referred to herein is to be conditioned or contingent in any manner upon the sale, settlement and/or lease of any other real estate unless a contingency for the sale, settlement and/or lease of other real estate is contained in an addendum to this Contract. Unless this Contract is expressly contingent upon the sale, settlement and/or lease of any other real estate, Buyer shall neither apply for nor accept a financing loan commitment which is contingent upon or requires as a pre-condition to funding that any other real estate be sold, settled and/or leased.

**33. LEASES:** Seller may neither negotiate new leases nor renew existing leases for the Property which extend beyond settlement or possession date without Buyer's written consent.

**34. DEFAULT:** Buyer and Seller are required and agree to make full settlement in accordance with the terms of this Contract and acknowledge that failure to do so constitutes a breach hereof. If Buyer fails to make full settlement or is in default due to Buyer's failure to comply with the terms, covenants and conditions of this Contract, the initial Deposit and additional Deposits (the "Deposit") may be retained by Seller as long as a Release of Deposit Agreement is signed and executed by all parties, expressing that said Deposit may be retained by Seller. In the event the parties do not agree to execute a Release of Deposit Agreement, Buyer and Seller shall have all legal and equitable remedies. If Seller fails to make full settlement or is in default due to Seller's failure to comply with the terms, covenants and conditions of this Contract, Buyer shall be entitled to pursue such rights and remedies as may be available, at law or in equity, including, without limitation, an action for specific performance of this Contract and/or monetary damages. In the event of any litigation or dispute between Buyer and Seller concerning the release of the Deposit, Broker's sole responsibility may be met, at Broker's option, by paying the Deposit into the court in which such litigation is pending, or by paying the Deposit into the court of proper jurisdiction by an action of interpleader. Buyer and Seller agree that, upon Broker's payment of the Deposit into the court, neither Buyer nor Seller shall have any further right, claim, demand or action against Broker regarding the release of the Deposit; and Buyer and Seller, jointly and severally, shall indemnify and hold Broker harmless from any and all such rights, claims, demands or actions. In the event of such dispute and election by Broker to file an action of interpleader as herein provided, Buyer and Seller further agree and hereby expressly and irrevocably authorize Broker to deduct from the Deposit all costs incurred by Broker in the filing and maintenance of such action of interpleader including but not limited to filing fees, court costs, service of process fees and attorneys' fees, provided that the amount deducted shall not exceed the lesser of $500 or the amount of the Deposit held by Broker. All such fees and costs authorized herein to be deducted may be deducted by Broker from the Deposit prior to paying the balance of the Deposit to the court. Buyer and Seller further agree and expressly declare that all such fees and costs so deducted shall be the exclusive property of Broker. If the amount deducted by Broker is less than the total of all of the costs incurred by Broker in filing and maintaining the interpleader action, then Buyer and Seller jointly, and severally, agree to reimburse Broker for all such excess costs upon the conclusion of the interpleader action.

**35. MEDIATION OF DISPUTES:** Mediation is a process by which the parties attempt to resolve a dispute or claim with the assistance of a neutral mediator who is authorized to facilitate the resolution of the dispute. The mediator has no authority to make an award, to impose a resolution of the dispute or claim upon the parties or to require the parties to continue mediation if the parties do not desire to do so. Buyer and Seller agree that any dispute or claim arising out of or from this Contract or the transaction which is the subject of this Contract shall be mediated through the Maryland Association of REALTORS®

**Loading...**

mediation or through such other mediator or mediation service as mutually agreed upon by Buyer and Seller, in writing. Unless otherwise agreed in writing by the parties, mediation fees, costs and expenses shall be divided and paid equally by the parties to the mediation. If either party elects to have an attorney present that party shall pay his or her own attorney's fees.

Buyer and Seller further agree that the obligation of Buyer and Seller to mediate as herein provided shall apply to all disputes or claims arising whether prior to, during or within one (1) year following the actual contract settlement date or when settlement should have occurred. Buyer and Seller agree that neither party shall commence any action in any court regarding

Buyer _____          Page 6 of 11   10/16          Seller W.M / TM

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

Sean Mitchell

Loading...

DocuSign Envelope ID: F3C442BF-CDEF-4BF6-809C-2C06EEF027A3

a dispute or claim arising out of or from this Contract or the transaction which is the subject of this Contract, without first mediating the dispute or claim, unless the right to pursue such action or the ability to protect an interest or pursue a remedy as provided in this Contract, would be precluded by the delay of the mediation. In the event the right to pursue such action, or the ability to protect an interest or pursue a remedy would be precluded by the delay, Buyer or Seller may commence the action only if the initial pleading or document commencing such action is accompanied by a request to stay the proceeding pending the conclusion of the mediation. If a party initiates or commences an action in violation of this provision, the party agrees to pay all costs and expenses, including reasonable attorneys' fees, incurred by the other party to enforce the obligation as provided herein. The provisions of this paragraph shall survive closing and shall not be deemed to have been extinguished by merger with the deed.

**36. ATTORNEY'S FEES:** In any action or proceeding between Buyer and Seller based, in whole or in part, upon the performance or non-performance of the terms and conditions of this Contract, including, but not limited to, breach of contract, negligence, misrepresentation or fraud, the prevailing party in such action or proceeding shall be entitled to receive reasonable attorney's fees from the other party as determined by the court or arbitrator. In any action or proceeding between Buyer and Seller and/or between Buyer and Broker(s) and/or Seller and Broker(s) resulting in Broker(s) being made a party to such action or proceeding, including, but not limited to, any litigation, arbitration, or complaint and claim before the Maryland Real Estate Commission, whether as defendant, cross-defendant, third-party defendant or respondent, Buyer and Seller jointly and severally, agree to indemnify and hold Broker(s) harmless from and against any and all liability, loss, cost, damages or expenses (including filing fees, court costs, service of process fees, transcript fees and attorneys' fees) incurred by Broker(s) in such action or proceeding, providing that such action or proceeding does not result in a judgment against Broker(s).

As used in this Contract, the term "Broker(s)" shall mean: (a) the two (2) Brokers as identified on Pages 10 and 11 of this Contract; (b) the two (2) named Sales Associates identified on Pages 10 and 11 of the Contract; and (c) any agent, subagent, salesperson, independent contractor and/or employees of Broker(s). The term "Broker(s)" shall also mean, in the singular, any or either of the named Broker(s) and/or Sales Associate(s) as identified or, in the plural, both of the named Brokers and/or Sales Associates as identified.

This Paragraph shall apply to any and all such action(s) or proceeding(s) against Broker(s) including those action(s) or proceeding(s) based, in whole or in part, upon any alleged act(s) or omission(s) by Broker(s), including, but not limited to, any alleged act of misrepresentation, fraud, non-disclosure, negligence, violation of any statutory or common law duty, or breach of fiduciary duty by Broker(s). The provision of this Paragraph shall survive closing and shall not be deemed to have been extinguished by merger with the deed.

**37. NOTICE OF BUYER'S RIGHT TO SELECT SETTLEMENT SERVICE PROVIDERS:** Buyer has the right to select Buyer's own title insurance company, title lawyer, settlement company, escrow company, mortgage lender or financial institution as defined in the Financial Institutions Article, Annotated Code of Maryland. Buyer acknowledges that Seller may not be prohibited from offering owner financing as a condition of settlement.

**38. PROPERTY OWNER'S TITLE INSURANCE:** Buyer, at Buyer's expense, may purchase owner's title insurance at either "standard" or "enhanced" coverage and rates. The coverage afforded by such title insurance would be governed by the terms and conditions thereof, and the premium for obtaining such title insurance coverage would be determined by the extent of its coverage. For purposes of owner's title insurance policy premium rate disclosures by Buyer's lender, Buyer and Seller agree that enhanced rates (if available) shall be quoted by Buyer's lender. Buyer understands that nothing herein obligates Buyer to obtain any owner's title insurance coverage at any time, including at settlement, and that the availability of owner's title insurance coverage is subject to the underwriting criteria of the title insurer.

**39. AUTHORIZATION TO PROVIDE TILA-RESPA INTEGRATED DISCLOSURES:** Buyer and Seller hereby authorize the lender, title company, escrow agent, and/or their representatives to disclose and provide copies of the closing disclosure(s) and/or other settlement statement to the real estate licensees involved in the transaction at the time these documents are provided to Buyer and Seller.

**40. LIMITED WARRANTY: NOTICE TO BUYER:** IF A WARRANTY PLAN IS BEING OFFERED WITH THE PURCHASE OF THE PROPERTY, IT MAY BE A LIMITED WARRANTY. SINCE SUCH WARRANTY PLANS DO NOT COVER STRUCTURAL DEFECTS AND MAY NOT COVER PRE-EXISTING DEFECTS, BUYER SHOULD SEE

Loading... ...ERMINE THE EXTENT OF COVERAGE PROVIDED BY THE WARRANTY.

**41. PROPERTY INSURANCE BROCHURE:** An informational brochure published by the Maryland Association of REALTORS®, Inc. titled "The New Reality of Property Insurance – What You Should Know" is available to explain current issues relative to obtaining insurance coverage for the Property to be purchased.

**42. FLOOD DISCLOSURE NOTICE:**
**A. FLOOD INSURANCE PREMIUMS:** The Property or part of the Property may be located in an area established by the government as a "flood plain" or otherwise in an area where flood insurance could be required by Buyer's mortgage lender as

Buyer _____          Page 7 of 11   10/16          Seller WM / JM
                                                                        Sean Mitchell

Produced with zipForm® by zipLogix  18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

# Loading...

DocuSign Envelope ID: F3C4428F-CDEF-4BF6-869C-2C06EEF027A3

a condition of granting a mortgage. , In addition, construction on the Property could be prohibited or restricted.

The National Flood Insurance Program ("NFIP") provides for the availability of flood insurance but also establishes flood insurance policy premiums based on the risk of flooding in the area where properties are located. Due to amendments to federal law governing the NFIP those premiums are increasing, and in some cases will rise by a substantial amount over the premiums previously charged for flood insurance. As a result, Buyer should not rely on the premiums paid for flood insurance on the Property as an indication of the premiums that will apply after Buyer completes the purchase. In considering the purchase of this Property, Buyer should consult with one or more carriers of flood insurance for better understanding of flood insurance coverage, the premiums that are likely to be required to purchase such insurance and any available information about how those premiums may increase in the future. Detailed information regarding flood insurance coverage may be obtained at: http://www.fema.gov/flood-insurance-reform-act-2012.

**B. FLOOD INSURANCE RATE MAPS:** The State of Maryland in conjunction with the Federal Emergency Management Agency has been systematically updating flood insurance rate maps. The Property may be affected. Buyer is advised to contact the Maryland Department of the Environment and consult a flood insurance carrier to inquire about the status of the Property. Detailed information regarding updated maps may be obtained at: http://www.mdfloodmaps.net/rome.html.

**43. GUARANTY FUND:** NOTICE TO BUYER: BUYER IS PROTECTED BY THE REAL ESTATE GUARANTY FUND OF THE MARYLAND REAL ESTATE COMMISSION, UNDER SECTION 17-404 OF THE BUSINESS OCCUPATIONS AND PROFESSIONS ARTICLE OF THE ANNOTATED CODE OF MARYLAND, FOR LOSSES IN AN AMOUNT NOT EXCEEDING $50,000 FOR ANY CLAIM.

**44. SINGLE FAMILY RESIDENTIAL REAL PROPERTY DISCLOSURE NOTICE:** Buyer is advised of the right to receive a "Disclosure and Disclaimer Statement" from Seller (Section 10-702 Real Property Article, Annotated Code of Maryland).

**45. MARYLAND NON-RESIDENT SELLER:** If the Property is not the Seller's principal residence and the Seller is a non-resident individual of the State of Maryland or is a non-resident entity which is not formed under the laws of the State of Maryland or qualified to do business in the State of Maryland, a withholding tax from the proceeds of sale may be withheld at the time of settlement except as otherwise provided by Maryland law. (See Maryland Non-Resident Seller Transfer Withholding Tax Addendum.)

**46. INTERNAL REVENUE SERVICE FILING:** Buyer and Seller each agree to cooperate with the settlement officer by providing all necessary information so that a report can be filed with the Internal Revenue Service, as required by Section 6045 of the IRS Code. To the extent permitted by law, any fees incurred as a result of such filing will be paid by the Seller.

**47. NOTICE TO BUYER CONCERNING THE CHESAPEAKE AND ATLANTIC COASTAL BAYS CRITICAL AREA:** Buyer is advised that all or a portion of the property may be located in the "Critical Area" of the Chesapeake and Atlantic Coastal Bays, and that additional zoning, land use, and resource protection regulations apply in this area. The "Critical Area" generally consists of all land and water areas within 1,000 feet beyond the landward boundaries of state or private wetlands, the Chesapeake Bay, the Atlantic Coastal Bays, and all of their tidal tributaries. The "Critical Area" also includes the waters of and lands under the Chesapeake Bay, the Atlantic Coastal Bays and all of their tidal tributaries to the head of tide. For information as to whether the property is located within the Critical Area, Buyer may contact the local Department of Planning and Zoning, which maintains maps showing the extent of the Critical Area in the jurisdiction. Allegany, Carroll, Frederick, Garrett, Howard, Montgomery and Washington Counties do not include land located in the Critical Area.

**48. WETLANDS NOTICE:** Buyer is advised that if the Property being purchased contains waters of the United States, or if the Property contains land and/or waters regulated by the State, including, but not limited to, wetlands, approval from the U.S. Army Corps of Engineers (Corps) and/or the Maryland Department of the Environment (MDE) will be necessary before starting any work, including construction, if the work includes the discharge of dredged or fill material into a regulated area, or certain other activities conducted in a regulated area. The Corps has adopted a broad definition of waters of the United States, which occur throughout the Chesapeake Bay Region, as well as other portions of the State. The land and waters regulated by the State include tidal wetlands, nontidal wetlands and their buffers, and streams and their 100 year floodplain

**Loading...** 3, Buyer may contact the Baltimore District of the Corps and/or MDE. Buyer may also elect, at Buyer's expense, to engage the services of a qualified specialist to inspect the Property for the presence of Corps- or MDE-regulated areas, including wetlands, prior to submitting a written offer to purchase the Property; or Buyer may include in Buyer's written offer a clause making Buyer's purchase of the Property contingent upon a satisfactory wetlands inspection.

49. FOREST CONSERVATION ACT NOTICE: If the Property is a tract of land 40,000 square feet or more in size, Buyer is notified that, unless exempted by applicable law, as a prerequisite to any subdivision plan or grading or sediment control permit for the Property, Buyer will be required to comply with the provisions of the Maryland Forest Conservation Act

Buyer_____          Page 8 of 11   10/16          Seller WM / JM

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com          Sean Mitchell

**Loading...**

DocuSign Envelope ID: F3C4428F-CDEF-4BF6-809C-2C06EEF027A3

imposed by Section 5-1601, et seq. of the Natural Resources Article, Annotated Code of Maryland, including, among other things, the submission and acceptance of a Forest Stand Delineation and a Forest Conservation Plan for the Property in accordance with applicable laws and regulations. Unless otherwise expressly set forth in an addendum to this Contract, Seller represents and warrants that the Property is not currently subject to a Forest Conservation Plan, Management Agreement or any other pending obligation binding the owner of the Property under said Act; further, Seller represents and warrants that no activities have been undertaken on the Property by Seller in violation of the Forest Conservation Act.

**50. NOTICE CONCERNING CONSERVATION EASEMENTS:** If the Property is encumbered by a Conservation Easement as defined in Section 10-705 of the Real Property Article, Annotated Code of Maryland, the contract must contain a notice concerning the easement, which is contained in an attached addendum. This Paragraph does not apply to the sale of property in an action to foreclose a mortgage or deed of trust. (If the Property is encumbered by a Conservation Easement: See Conservation Easement Addendum.)

**51. FOREIGN INVESTMENT TAXES-FIRPTA:** Section 1445 of the United States Internal Revenue Code of 1986 provides that a Buyer of residential real property located in the United States must withhold federal income taxes from the payment of the purchase price if (a) the purchase price exceeds Three Hundred Thousand Dollars ($300,000.00) and (b) the seller is a foreign person. Unless otherwise stated in an addendum attached hereto, if the purchase price is in excess of Three Hundred Thousand Dollars ($300,000.00), Seller represents that Seller is not a non-resident alien, foreign corporation, foreign partnership, foreign trust or foreign estate (as those terms are defined by the Internal Revenue Code and applicable regulations) and agrees to execute an affidavit to this effect at the time of settlement.

**52. CRIMINAL ACTIVITY AND SEXUAL OFFENDERS:** Buyer may contact the state, county or municipal police departments in which the Property is located or check the "Sex Offender Registry" at the Maryland Department of Public Safety and Correctional Services website in order to ascertain criminal activity in the vicinity of the Property or the presence of registered sexual offenders who live or work within the vicinity of the Property. Buyer acknowledges that Buyer is solely responsible to inquire of such matters before signing this Contract. Buyer shall have no right to cancel this Contract based upon criminal activity or the presence of registered sexual offenders in the vicinity of the Property. Buyer further acknowledges that no real estate licensee involved in the sale or purchase of the Property, whether acting as the agent for Seller or Buyer, has any duty nor assumes any duty or responsibility to ascertain criminal activity or the presence of registered sexual offenders in the vicinity of the Property.

**53. MILITARY INSTALLATIONS:** This Section does not apply in Allegany, Carroll, Frederick, Garrett, Howard, Montgomery, and Washington Counties. Buyer is advised that the Property may be located near a military installation that conducts flight operations, munitions testing, or military operations that may result in high noise levels.

**54. NOTICE TO THE PARTIES:**
 (A) NO REPRESENTATIONS: Brokers, their agents, subagents and employees, make no representations with respect to:
  (1) Water quantity, quality, color, or taste or operating conditions of public and/or private water systems;
  (2) Location, size or operating condition of on-site sewage disposal systems;
  (3) The extensions of public utilities by local municipal authorities, existence or availability of public utilities, and any assessments, fees or costs for public utilities which might be imposed by local municipal authorities or private entities, should public utilities be extended or available to the subject Property. (Buyer should consult the Department of Public Works to determine the availability of proposed future extensions of utilities.);
  (4) Lot size, exact location. If the subject Property is part of a recorded subdivision, Buyer can review the plat upon request at the Record Office. If the subject Property is not part of a recorded subdivision, Buyer may verify exact size and location through a survey by a licensed engineer or land surveyor, at Buyer's expense;
  (5) Existing zoning or permitted uses of the Property, including, without limitation, whether any improvements to the Property required permit(s) and, if so, whether such improvements, were completed pursuant to permit(s) issued and/or whether any permit(s) issued were complied with. Buyer should contact the appropriate local government agency and/or a licensed engineer to verify zoning, permit issuance/status, and permitted uses; or
  (6) Whether properly licensed contractors have been used to make repairs, renovations and improvements to the Property

**Loading...** soil conditions; flood hazard areas; possible restrictions of the use of property due to restrictive covenants, subdivision, environmental laws, easements or other documents; airport or aircraft noise; planned land use, roads or highways; and construction materials and/or hazardous materials, including without limitation flame retardant treated plywood (FRT), radon, radium, mold spores, urea formaldehyde foam insulation (UFFI), synthetic stucco (EIFS), asbestos, polybutylene piping and lead-based paint. Information relating to these issues may be available from appropriate governmental authorities. This disclosure is not intended to provide an inspection contingency.

(C) COMPENSATION OF VENDORS: Buyer and Seller each assume full responsibility for selecting and compensating their respective vendors.

Buyer _____  Page 9 of 11  10/16  Seller WM , 1M

Produced with zipForm® by zipLogix  18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com  Sean Mitchell

Loading...

DocuSign Envelope ID: F3C442SF-CDEF-4BF6-809C-2C06EEF027A3

(D) PROTECTION OF HOMEOWNERS IN FORECLOSURE ACT NOTICE: BUYER AND SELLER ACKNOWLEDGE THAT, UNDER SECTION 7-310 OF THE REAL PROPERTY ARTICLE OF THE ANNOTATED CODE OF MARYLAND, IF THE MORTGAGE ON THE PROPERTY IS AT LEAST 60 DAYS IN DEFAULT ON THE DATE OF CONTRACT ACCEPTANCE, SELLER HAS THE RIGHT TO RESCIND THE CONTRACT WITHIN 5 DAYS AFTER THE DATE OF CONTRACT ACCEPTANCE. ANY PROVISION IN THIS CONTRACT OR OTHER AGREEMENT THAT ATTEMPTS OR PURPORTS TO WAIVE ANY OF THE SELLER'S RIGHTS UNDER SECTION 7-310 IS VOID.

**55. PROPERTY TAX NOTICE - 60 DAY APPEAL:** If any real property is transferred after January 1 and before the beginning of the next taxable year to a new owner, the new owner may submit a written appeal as to a value or classification on or before 60 days after the date of the transfer.

**56. NON-ASSIGNABILITY:** This Contract may not be assigned without the written consent of Buyer and Seller. If Buyer and Seller agree in writing to an assignment of this Contract, the original parties to this Contract remain obligated hereunder until settlement.

**57. PARAGRAPH HEADINGS:** The Paragraph headings of this Contract are for convenience and reference only, and in no way define or limit the intent, rights or obligations of the parties.

**58. COMPUTATION OF DAYS:** As used in this Contract, and in any addendum or addenda to this Contract, the term "days" shall mean consecutive calendar days, including Saturdays, Sundays, and holidays, whether federal, state, local or religious. A day shall be measured from 12:00:00 a.m. to and including 11:59:59 p.m. in the Eastern Time Zone. For the purposes of calculating days, the count of "days" shall begin on the day following the day upon which any act or notice as provided in this Contract, or any addendum or addenda to this Contract, was required to be performed or made.

**59. ENTIRE AGREEMENT:** This Contract and any addenda thereto contain the final and entire agreement between the parties, and neither they nor their agents shall be bound by any terms, conditions, statements, warranties or representations, oral or written, not herein contained. The parties to this Contract mutually agree that it is binding upon them, their heirs, executors, administrators, personal representatives, successors and, if permitted as herein provided, assigns. Once signed, the terms of this Contract can only be changed by a document executed by all parties. This Contract shall be interpreted and construed in accordance with the laws of the State of Maryland. It is further agreed that this Contract may be executed in counterparts, each of which when considered together shall constitute the original Contract.

**60. ELECTRONIC DELIVERY:** The parties agree that this Contract offer shall be deemed validly executed and delivered by a party if a party executes this Contract and delivers a copy of the executed Contract to the other party by telefax or telecopier transmittal, or delivers a digital image of the executed document by email transmittal.

| | |
|---|---|
| _signature_ 4/6/2017 | William Morrison 04/07/2017 04:27 PM GMT |
| Buyer's Signature          Date | Seller's Signature          Date |
| Sean Aaron Mitchell | William Morrison |
| _signature_ Virginia Hathhorn 4/6/2017 | Judith Morrison 04/07/2017 04:30 PM GMT |
| Buyer's Signature          Date | Seller's Signature          Date |
| Virginia Hathhorn | Judith Morrison |

DATE OF CONTRACT ACCEPTANCE: 04/07/17

☐ **Check if First-Time Maryland Homebuyer**

Contact Information:

BUYER / NAME(S): Sean Aaron Mitchell, Virginia Hathhorn

**Loading...**

SELLER / NAME(S): William Morrison, Judith Morrison
MAILING ADDRESS: _____

_____

Buyer

Page 10 of 11   10:16

Seller WM, JM

Produced with zipForm® by zipLogix  18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

Sean Mitchell

# Loading...

DocuSign Envelope ID: F3C4428F-CDEF-4BF6-B09C-2C06EEF027A3

Information provided for reference only:

LISTING BROKERAGE COMPANY NAME: _Century 21 The Real Estate Center_
BROKER OF RECORD NAME: _GARY HOFFER_          LICENSE NUMBER: _517288_
SALES ASSOCIATE NAME: Martha Pasquali          LICENSE NUMBER: _523875_
OFFICE ADDRESS: _135 E. MAIN ST WESTMINSTER MD 21157_
OFFICE PHONE: _410 876-1477_          BROKER/SALES ASSOCIATE MLS ID: _68246_

SALES ASSOCIATE PHONE: (443) 621-9262          SALES ASSOCIATE E-MAIL: mjpasquali@msn.net com

ACTING AS: ☒ LISTING BROKER AND SELLER AGENT; OR
          ☐ INTRA - COMPANY AGENT WITH BROKER AS DUAL AGENT

SELLING BROKERAGE COMPANY NAME: Joan Ryder Associates
BROKER OF RECORD NAME: Joan Ryder          LICENSE NUMBER: _2070_
SALES ASSOCIATE NAME: Anne Shepard          LICENSE NUMBER: _506807_
OFFICE ADDRESS: 3 Vale Rd, Bel Air, MD 21014
OFFICE PHONE: (410) 893-1792          BROKER/SALES ASSOCIATE MLS ID: _68290_

SALES ASSOCIATE PHONE: (443) 417-6805          SALES ASSOCIATE E-MAIL: anneshep426@gmail.com

ACTING AS: ☐ SELLER AGENT; OR
          ☐ SUBAGENT; OR
          ☒ BUYER AGENT; OR
          ☐ INTRA - COMPANY AGENT WITH BROKER AS DUAL AGENT

# Loading...

©Copyright 2016 Maryland Association of REALTORS®, Inc. For use by REALTOR® members of the Maryland Association of REALTORS® only. Except as negotiated by the parties to the Contract, this form may not be altered or modified in any form without the prior expressed written consent of the Maryland Association of REALTORS®, Inc.

Page 11 of 11  10/16

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com            Sean Mitchell

**Loading...**

DocuSign Envelope ID: F3C4428F-CDEF-4BF6-809C-2C06EEF027A3



**MAR**
MARYLAND
ASSOCIATION OF
REALTORS®

## SELLER CONTRIBUTION ADDENDUM

ADDENDUM # _____ dated 04/07/17 _____ to Contract of Sale

Between Buyer _____ Sean Aaron Mitchell, Virginia Hathhorn _____

and Seller _____ William Morrison, Judith Morrison _____

for Property known as _____ 1309 Pinch Valley Road, Westminster, 21158 .

The following provisions are included in and supersede any conflicting language in the Contract.

In addition to any other amount(s) which Seller has agreed to pay under other provisions of the Contract, (example: origination/discount points, transfer/recordation tax, lender fees), Seller shall credit Buyer at the time of settlement with the sum of $ 13,000.00 _____ OR _____ % of Purchase Price towards Buyer's settlement costs. It is Buyer's responsibility to confirm with lender that the entire credit provided for herein may be utilized. If lender prohibits Seller from payment of any portion of such credit, then said credit shall be reduced to the maximum amount allowed by lender.

### All other terms and conditions of the Contract of Sale remain in full force and effect.

| | | |
|---|---|---|
| _DocuSigned by:_ | | _William Morrison_  04/07/2017 04:27 PM GMT |
| 4/6/2017 | | |
| Buyer Signature               Date | | Seller Signature               Date |
| Sean Aaron Mitchell | | William Morrison |
| _DocuSigned by:_ | | _04/07/2017_ |
| _Virginia Hathhorn_  4/6/2017 | | _Judith Morrison_  04:30 PM GMT |
| Buyer Signature               Date | | Seller Signature               Date |
| Virginia Hathhorn | | Judith Morrison |

# Loading...

©Copyright 2014 Maryland Association of REALTORS®, Inc. For use by REALTOR® members of the Maryland Association of REALTORS® only. Except as negotiated by the parties to the Contract, this form may not be altered or modified in any form without the prior expressed written consent of the Maryland Association of REALTORS®, Inc.

                      10/14                      

Joan Ryder & Associates Real Estate, 3 Vale Road, Suite 200 Bel Air, MD 21014
Phone: 410.893.1792      Fax: 410.893.9738      Anne Shepard                                    Sean Mitchell

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

Loading...

DocuSign Envelope ID: F3C4428F-C0EF-4BF6-809C-2C06EEF027A3



# GENERAL ADDENDUM TO CONTRACT OF SALE
### FOR USE WITH THE MARYLAND ASSOCIATION OF REALTORS® RESIDENTIAL CONTRACT OF SALE FORM

Addendum Number _____ to Contract of Sale (the "Contract") dated 04/07/17

Buyer(s): Sean Aaron Mitchell, Virginia Hathhorn

Seller(s): William Morrison, Judith Morrison

Property: 1309 Pinch Valley Road, Westminster, 21158

**1. LEGAL REQUIREMENT:** A Contract for the sale of real property is required to be in writing to be enforceable under the laws of the State of Maryland. Once signed by the parties, the Contract becomes a legally binding agreement. The original terms of the Contract can only be altered thereafter with the agreement of the parties expressed in writing. All parties have the right to be represented by an attorney and are encouraged to seek competent advice if they do not understand any term(s) of the Contract. The broker/agent is required to promptly submit all written Contract offers to the Seller.

**2. INTENDED USE:** The use of a particular property may be limited or restricted as a result of zoning laws, local ordinances and/or restrictive covenants applicable to the property. The Contract of Sale form provided by the broker/agent is designed and intended for use only in the purchase and sale of single-family residences or unimproved residential property. If Buyer intends to use a property for any other purpose, the standard Contract of Sale form may not adequately serve to protect Buyer's interests without the addition of an appropriate clause or addendum conditioning the Contract offer upon a determination that Buyer's intended use of the Property will be permitted.

**3. SETTLEMENT:** All persons to be in title and/or responsible where a mortgage is to be created should be present at the time of settlement and may be required to provide proper identification. Prior to settlement, a lender normally requires that Buyer obtain and provide a fully paid homeowner's insurance policy, a termite inspection report, and various certifications which may be applicable to improved properties. Buyer should be prepared at the time of settlement to pay the settlement costs and the balance due under the Contract. Buyer must provide cash, wired funds, bank, check or certified check for amounts to be paid at settlement. In some cases, Seller may be required to provide funds in excess of the sales proceeds in order for settlement to occur, in which event, Seller also should be prepared to make payment in an approved form. Any party uncertain of the amount required at settlement should make inquiry of the title company or settlement attorney prior to settlement. Buyer should establish gas, electric and water service in Buyer's name commencing the day of settlement.

**4. GROUND RENT:** If a Property is subject to an existing ground rent as provided in a lease recorded among the Land Records, or if a ground rent is to be created, Seller will make those disclosures required by law by an appropriate additional clause or addendum to the Contract.

**5. RENTAL:** If any portion of the Property is to be rented to tenants by Buyer, the local government may require that the Property be registered prior to any rental and a yearly registration fee may be assessed by the local government. You may call the appropriate government office for further information. If the Property is now or has been rented to tenants, local laws may give the tenants certain rights to purchase the Property. These rights are set forth in the Contract. Effective October 1, 1994, certain disclosures are required regarding the presence of lead paint in certain rental properties.

**6. EQUAL HOUSING OPPORTUNITY:** A REALTOR® is required by federal, state and local law, and the Code of Ethics of the National Association of REALTORS® to treat all parties in a non-discriminatory manner without regard to race, color, creed, age, religion, national origin, sex, marital status, familial status, physical or mental disability, occupation, sexual orientation or preference, or other protected classifications under Fair Housing Laws.

**7. HOMEOWNER ASSOCIATIONS/CONDOMINIUMS:** If a Property is part of a development subject to the imposition of mandatory fees as defined by the Maryland Homeowners Association Act, and/or a condominium unit, Seller will make the required disclosures by an appropriate addendum to the Contract.

**8. COVENANTS AND RESTRICTIONS AFFECTING PROPERTY:** A majority of homes, whether new or re-sale, located in a subdivision are subject to certain restrictions applicable to the use of the Property as well as the construction of certain improvements to the Property. Such restrictions are referred to as covenants and, in the case of Property subject to a Homeowners Association or Condominium Association, the covenants are contained in a Declaration of Covenants and Restrictions as well as the Bylaws of the Association. However, many properties are also subject to covenants even though the Property is not subject to a Homeowners Association or Condominium Association. Buyers are encouraged to inquire as to any covenants and restrictions which may be applicable to the Property which is being considered for purchase.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: :
**WILLIAM PATRICK MORRISON** : **CASE NO. 1-14-00621-RNO**
Debtor : **CHAPTER 13**
  :
**WILLIAM PATRICK MORRISON** :
Movants :
  :
  :
v. :
  :
  :
**CHARLES J. DEHART, III, ESQUIRE** :
**WELLS FARGO HOME MORTGAGE** :
**WFF CARDS** :
**CARROLL CO. TAX CLAIM BUREAU** :
Respondents :

## ABBOTTS DAIRIES AFFIDAVIT

Debtor's counsel, Gary J. Imblum, Esquire, inquired with the realtor, Martha Pasquali, and was informed of the following:

1. Subject property has been listed for sale since September 2016.

2. Initially, it was listed for sale at $350,000.00.

3. There were at least 20 showings on the property. The property is being sold "as is" and is in need of extensive repairs of approximately $4,000.00.

4. On March 3, 2017 there was an offer on the property of $250,000.00 which the sellers rejected as too low. On March 29, 2017 there was a second offer on the property of $250,000.00. The sellers countered at $305,000.00. The potential buyers withdrew their offer. There were two other verbal offers of $260,000.00 and $250,000.00 which sellers rejected as too low.

5. On April 6, 2017, sellers accepted the offer in the amount of $313,000.00.

6.     There is no connection between the proposed buyers, its owner and/or investors, and the Debtor.

Respectfully submitted,

Gary J. Imblum
Attorney Id. No. 42606
4615 Derry Street
Harrisburg, PA  17111
(717) 238-5250
Fax No. (717) 558-8990
gary.imblum@ imblumlaw.com
Attorney for Debtor

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                       :
**WILLIAM PATRICK MORRISON**   : **CASE NO. 1-14-00621-RNO**
          Debtor               : **CHAPTER 13**
                        :
**WILLIAM PATRICK MORRISON**   :
          Movants           :
                        :
    **v.**                     :
                        :
**CHARLES J. DEHART, III, ESQUIRE**   :
**WELLS FARGO HOME MORTGAGE**   :
**WFF CARDS**                 :
**CARROLL CO. TAX CLAIM BUREAU**   :
          Respondents       :

## ORDER

Upon consideration of Debtor's Motion to Sell Real Estate Free and Clear of Liens, and it appearing that no Objection or Answer was filed to the Motion by the time set forth in an Order, good reason appearing therefore, no objections appearing thereto, it is hereby declared that the Buyer (and/or its designee) is a good faith purchaser for purposes of Section 363(m) and (n) and for purposes of *In re Abbotts Dairies of Pennsylvania Inc.*, 788 F.2d 143 (3rd Cir. 1986);

**IT IS HEREBY ORDERED AND DECREED** that Federal Bankruptcy Rule 6004(g) is not applicable, and the real property may be sold and purchased immediately upon entry of Order of Court approving same and that the sale of real estate at 1309 Pinch Valley Road, Westminster, Carroll County, Maryland, free and clear of liens, to Sean Aaron Mitchell and Virginia Hathhorn for $313,000.00 is approved and distribution of the proceeds as set forth below shall be permitted:

1.     Payment of all closing costs for which Debtor is liable.

2.     Payment of attorney's fees in the amount of $3,500.00, to be applied to Debtor's costs and Attorney fees billed on an hourly basis.

3.     Payment of any and all other miscellaneous fees involved with the refinance.

4.     Payment of any liens and mortgages.

5.     As long as same is a valid lien on subject real estate, payment in full of Carroll County Tax Claim Bureau real estate taxes, if any, or else the sale will not occur.

6.     As long as same is a valid lien on subject real estate, payment in full of Wells Fargo Home Mortgage mortgage, or else the sale will not occur.

7.     As long as same is a valid lien on subject real estate, payment in full of WFF Cards home equity loan, or else the sale will not occur.

8.     If there are net proceeds remaining after paying all the costs, fees and liens set forth in the preceding paragraphs, then payment to Trustee DeHart in an amount up to the amount necessary to fully fund the Plan, less any amount otherwise payable to a secured creditor pursuant to Debtor's Plan, which is, in fact, paid at settlement.

9.     If there are net proceeds remaining after paying all of the costs, fees and liens set forth in the preceding paragraphs, then payment of any and all attorney fees owed to Debtor's counsel for representation in  the above matter and which have been previously approved by the Court.

10.     If there are net proceeds remaining after paying all the costs, fees and liens set forth in the preceding paragraphs, then the remaining balance, if any, shall be distributed to the Debtor.